UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**THOMAS BIRD**                                                       **CIVIL ACTION**

**VERSUS**                                                                    **No. 06-7564**

**GUFFEY INSURANCE SERVICES, L.L.C.**              **SECTION:  I/2**

## ORDER AND REASONS

The matter before the Court is a motion to remand filed on behalf of plaintiff, Thomas Bird.  In his memorandum, plaintiff also requests that the Court assess attorney's fees and costs against defendant.  Defendant in this matter is Guffey Insurance Services, L.L.C.

In its opposition, defendant argues that plaintiff's claims related to his flood insurance policy create federal subject matter jurisdiction or, alternatively, that these claims have prescribed.  Plaintiff's motion and state court complaint, however, appear to allege claims related to the procurement of wind and fire coverage; plaintiff specifically denies that his flood policy is at issue in this case.[1]  Regardless, the arguments that defendant submits have been exhaustively analyzed and rejected in this Court's previous orders.  *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Independent Ins.*

---

[1] *See* Rec. Doc. No. 4-2, p. 2.

*Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher & Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006); *Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL 2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above cited decisions, when applied to the facts of this case, dictate a remand. The Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive, opinion. The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

This Court has previously discussed the applicable standards and analysis for imposing attorney's fees and costs for improper removal. *See Richmond*, 2006 WL 2710566, at *7. After fully considering the law, the facts, and the arguments of all parties, the Court will exercise its discretion to deny plaintiff's request for attorney's fees and costs.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiff[2] is **GRANTED** and the case is **REMANDED** to the Civil District Court for the Parish of Orleans, Louisiana.

New Orleans, Louisiana, November __30th__, 2006.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[2]Rec. Doc. No. 4.